IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD KEITH DENNIS, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:15-CV-0330-Z-BR |
| BARRY L. MARTIN, *et al.*, | § § § | |
| Defendants. | § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Joint Motion for Summary Judgment ("Joint Motion"), with a supplemental response and appendix of evidence. (ECF 178, 180, 180-1). Plaintiff Donald Keith Dennis, proceeding *pro se*, did not respond to the Joint Motion or the order permitting additional documentation. This Court has reviewed all of the summary judgment evidence and the arguments set forth in these documents.

This case arises out of Plaintiff's claims under 42 U.S.C. § 1983. The parties informed the Court by status report that settlement was reached prior to trial. ECF 168. Plaintiff now claims the settlement was breached by the Defendants because the settlement amount of $500, placed in Plaintiff's inmate trust account, was then dispersed by the Texas Department of Criminal Justice ("TDCJ") to pay outstanding debts accrued by Plaintiff, including court fees and medical fees. (ECF 171, 172). Thus, Plaintiff was left with only the commissary items he negotiated as part of the settlement. *See id*. Defendants argue that the $500 payment was in accord with the terms of the settlement agreement and Plaintiff's claims are now moot.

### ANALYSIS

Because "[a] settlement agreement is a contract," Texas contract law will determine whether the settlement is enforceable. *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th

Cir. 1986). Under Texas law, a settlement agreement must be in writing, signed, and included as part of the record, or made in open court and entered on the record to be enforceable. TEX. R. CIV. P. 11. A settlement that contains all "essential terms" is considered a binding settlement, while an agreement omitting essential terms is not binding and is merely an agreement to agree. *Gen. Metal Fabricating Corp. v. Stergiou*, 438 S.W.3d 737, 744 (Tex.App.—Houston [1st Dist.] 2014). Essential terms are those that, based on case-specific inquiry, the parties "would reasonably regard as vitally important elements of their bargain." *Id*. at 744, 746.

Under Texas contract law, "essential terms" of settlement agreements includes a price term and a release of claims. *See Padilla v. LaFrance*, 907 S.W.2d 454, 460-461 (Tex.App.—Fort Worth 1999). If the terms are clear and unambiguous, the Court is limited to the objective intent of the parties as expressed in the language of the agreement, and the Court may not probe the subjective intentions of the parties. *Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex.App.—San Antonio 1999). Even if the settlement agreement contains "conditional language" (e.g. the requirement of approval of the Attorney General, Governor, or other party), this constitutes a "condition precedent" but does not in any way negate TDCJ's intention to be bound by the settlement.

If a settlement contract can be given a "definite or certain legal meaning," it is unambiguous; for enforcement purposes, a court is limited to the plain language in the four corners of the document. *Addicks Servs. V. GGP-Bridgeland, LP,* 596 F.3d 286, 294 (5th Cir. 2010) (citing *J.M. Davidson*, 128 S.W.3d 223, 229 (Tex. 2003). The Court cannot grant any additional terms onto an unambiguous settlement agreement. *See id*. Once a plaintiff has settled his claims with TDCJ, his claims are then rendered moot by the contract language. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 192 (2000) (noting that mootness occurs "when

2

the parties have settled," because settlement deprives a party of a "continuing interest" in the litigation).

The settlement agreement signed by Plaintiff and Assistant Attorney General Colin Wood (on behalf of the Defendants), contains the following language:

> I, Donald Keith Dennis, do agree to accept **$500 made payable to, Donald Keith Dennis, along with the agreed upon commissary items listed below,** to satisfy all claims brought against David Dwight, and any other related claims arising from the incident on or about May 2, 2015 at the Clements Unit that forms the basis of my lawsuit. I understand that this will settle all of my claims and issues in this matter. I understand that as part of this agreement, I agree to dismiss all claims and parties to this suit and will not be able to bring a new suit in the future related to this incident.
>
> I understand that this agreement is subject to the final approval of the Attorney General and the Governor's office.
>
> The commissary items that Mr. Dennis will receive: one Hot pot, one pair of Headphones, on Nightlight with bulb, four Thermal Pants, 30 mints, 26 soups, three bags of party mix, seven bags of duplex cookies, two black bags of coffee, one radio, one 6-inch cable, four Thermal shirts, one Lock and Key, 20 fruit sticks, 30 chicko sticks, three bags of corn chips, three bags of tortilla chips, and one 7 prong multi-outlet.

(ECF 180-1 at 2-3) (emphasis in original). Additionally, Defendants submitted evidence that a $500 deposit was made into Plaintiff's inmate trust account in accordance with the terms of the settlement agreement, and the commissary items were also purchased and delivered to Plaintiff. (ECF 178-1 at 1-3). After the funds were delivered to the trust account on April 13, 2021, indebtedness owed to the agency and court orders resulted in the following withdrawals: $300 for three (3) federal court orders, collected at 20% of the deposited amount for each court case; $64.48 for Annual Medical Fees (amount owed totaled $100), and $135.32 in indigent postage and postage supplies, which were collected at 100% owed. *See id*. at 1. The check for $500 was deposited in Plaintiff's inmate trust account "without any special conditions, which means it is subject to

collection of an indebtedness owed to the agency and court orders…" *Id*. The settlement agreement, outlined in full above, did not require the check to be deposited with any special conditions, and the Court may not graft any additional terms onto the agreement.

The settlement agreement is enforceable, as it specifies a price term ($500 and commissary items) and a release of claims ("I understand that as part of this agreement, I agree to dismiss all claims and parties to this suit and will not be able to bring a new suit in the future related to this incident."). (ECF 180-1 at 2). There is a conditional precedent (the approval of the Attorney General and Governor's office), but there is no qualifying language concerning the deposit of funds into Plaintiff's trust account. *See id.* The language of the agreement is clear and unambiguous. Thus, the settlement agreement must be enforced, the Joint Motion must be GRANTED, and Plaintiff's claims must be DISMISSED as moot.

## RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the "Motion for Summary Judgment" filed by Defendants be GRANTED. It is further the RECOMMENDATION of the Magistrate Judge that all claims be DISMISSED as moot following settlement.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on December 10, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

4

## *NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).